IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3059-FL

| | |
|---|---|
| KUNGA A. MBURU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| GEORGE T. SOLOMON, J.C. HUGGINS, HARVEY CLAY, JAMES W. McRAE, JEFFREY POPE, DAVY BULLARD, ROSE LOCKLEAR, ALTHEA MADDOX, KENDALE JACOBS, LAYTON OXENDINE, and MARY J. LOCKLEAR, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, (DE 48). Plaintiff did not respond to the motion and in this posture the issues raised are ripe for ruling. For the reasons that follow, the court grants the motion.

**STATEMENT OF THE CASE**

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on March 1, 2017, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant Layton Oxendine ("Oxendine") violated his rights under the Eighth Amendment by sexually assaulting him. Plaintiff alleges defendants George Solomon ("Solomon"), J.C. Huggins ("Huggins"), Harvey Clay ("Clay"), James W. McRae ("McRae"), Davy Bullard ("Bullard"), Rose Locklear ("R. Locklear"), Althea Maddox ("Maddox"), Kendale

Jacobs ("Jacobs"), and Mary J. Locklear ("M. Locklear") failed to protect him from retaliation after he filed a grievance pursuant to the Prison Rape Elimination Act ("PREA"), and that defendant Jeffrey Pope ("Pope") violated his Fourteenth Amendment rights during the course of plaintiff's disciplinary proceedings.

On November 28, 2017, the court conducted its frivolity review of the complaint and allowed the action to proceed. That same day, the court denied plaintiff's motions to appoint counsel and for discovery. On November 28, 2018, the court entered case management order governing discovery and dispositive motions practice. The parties completed discovery on or about April 1, 2019.

On July 31, 2019, defendants filed the instant motion for summary judgment. In support, defendants rely upon memorandum of law, statement of material facts, and the following: 1) affidavit of defendant Locklear; 2) North Carolina Department of Public Safety ("DPS") policies and procedures governing operational searches and inmate sexual abuse and harassment; 3) Lumberton Correctional Institution standard operating procedures regarding inmate searches; 4) PREA incident report; 5) video recording from August 18, 2016; 6) affidavit of defendant Oxendine; 7) DPS policies and procedures governing inmate conduct; 8) affidavit of defendant Pope; 9) DPS policies and procedures governing inmate discipline; and 10) excerpts from plaintiff's disciplinary file. As noted, plaintiff did not respond to the motion.

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace

3

v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.  Analysis

Defendants have satisfied their burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Plaintiff's claims are premised on allegations that defendant Oxendine sexually assaulted him, that defendants Solomon, Huggins, Clay, McRae, Bullard, R. Locklear, Maddox, Jacobs, and M. Locklear failed to protect him from retaliation after he filed the PREA grievance, and that defendant Pope violated his Fourteenth Amendment rights during the course of plaintiff's disciplinary proceedings. As defendants note, the current record is devoid of evidence supporting these assertions. (See DE 48, 49, 50, 51).

Where defendants have satisfied their burden of showing an absence of a genuine issue of material fact, the burden shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586–87. Because plaintiff did not respond to the instant motion and his complaint is not verified, he has failed to meet this burden. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (holding only verified complaint can defeat an otherwise properly supported motion for summary judgment). Accordingly, the court grants the instant motion for summary judgment.

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment, (DE 48), is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of March, 2020.

                                        LOUISE W. FLANAGAN
                                        United States District Judge